THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

| | |
|---|---|
| DIANE L. WATSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| K2 DESIGN GROUP, INC., ) | 0:15-cv-61020 |
| JENNY PROVOST, KELLYE KEEGAN, ) | |
| SUSAN MARCOVITCH, AND ) | |
| LEONARD MARCOVITCH ) | |
| ) | |
|     Defendants. ) | |

**COMPLAINT FOR DAMAGES**

Plaintiff DIANE L. WATSON hereby files this complaint against Defendants K2DESIGN GROUP, INC., JENNY PROVOST, KELLYE KEEGAN, SARAH MARCOVITCH and LEONARD MARCOVITCH for damages, and in support thereof, states:

**JURISDICTION AND VENUE**

**1.** This is an action for copyright infringement pursuant to 17 U.S.C. §§ 101, et seq., in which Plaintiff seek recovery of costs, damages and injunctive relief for the Defendants' copyright infringement.

**2.** Subject-matter jurisdiction herein is proper as this matter arises under the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

**3.** Plaintiff DIANE L. WATSON is an individual residing within the Southern District of Florida.

**4.** Defendants SARAH MARCOVITCH AND LEONARD MARCOVITCH are individuals residing in the Southern District of Florida.

**5.** Defendant K2 DESIGN GROUP, INC. is a Florida corporation with its headquarters in Florida. The company conducts business nationally and in several countries throughout the world. K2 DESIGN GROUP, INC. has availed itself of personal jurisdiction in the Southern District of Florida. The

company's clients include co-defendants SARAH and LEONARD MARCOVITCH who both reside within the Southern District of Florida

6. K2 DESIGN GROUP, INC. owns and operates the website www.k2design.net which is published globally and allows customers and/or potential customers around the world and in the Southern District of Florida to view K2 DESIGN GROUP, INC.'s portfolio of architectural designs.

## FACTUAL ALLEGATIONS
### Plaintiff Artist

7. Plaintiff is a visual artist.

8. Plaintiff is the registered copyright owner of several visual works. Plaintiff's vast collection of artwork is interspersed with her trademark images of mariposa butterflies. Plaintiff's designs are so in demand that renowned fashion designer Tabitha Simmons licensed one of her paintings in December 2012. Ms. Simmons imprinted the licensed image on fabric and used the imprinted image to design shoes for her Spring/Summer 2013 collection. Shoes with Plaintiff's featuring Plaintiff's design were part of Tabitha Simmons' collection for her 2013 New York Fashion Week show.

9. Plaintiff's works are also frequently commissioned and sold to private collectors.

10. Plaintiff's artwork is prominently displayed on her website www.dlwatsonart.com where customers may purchase paintings or prints.

### The Subject Works

11. Plaintiff is the creator and copyright owner of the following works:

**Title of Work**
*Mariposa*
*Crescendo*
*Staccato*

Pursuant to the United States copyright laws, Ms. Watson obtained copyright registrations for *Mariposa*. In addition, Plaintiff enjoys inherent copyright protection for the *Crescendo* and *Staccato* artworks. The above-mentioned works shall be referred to collectively as the "Subject Works".

12. A true and correct copy of the certificate of registration or registration information for *Mariposa* is attached hereto as EXHIBIT "A".

**Acts of Infringement**

13.   Defendant's engaged in multiple acts of infringement which include the ongoing unlicensed publication of Subject Works in print and social mediums as well as the egregious duplication of Subject Works via the creation of counterfeit and unauthorized copies of the Subject Works.

14.   At the center of the issue is the unauthorized copying of the *Mariposa* by Defendant KELLYE KEEGAN at the request of SUSAN MARCOVITCH and LEONARD MARCOVITCH.

15.   On or about April 10th 2013, JENNY PROVOST advised Plaintiff that in 2012 defendants clients of PROVOST/K2 DESIGN GROUP, INC., SUSAN and LEONARD MARCOVITCH (referred to hereinafter as "the MARCOVITHS"), gained access to Plaintiff's *Mariposa* image.

16.   The MARCOVITCHS expressed their like for the *Mariposa* to PROVOST but rather than commission renditions of the of the *Mariposa* from Plaintiff, SUSAN and LEONARD MARCOVITCH commissioned KELLYE KEEGAN, daughter and assistant of JENNY PROVOST, to make four (4) unauthorized copies of the *Mariposa*.

17.   Subsequently the MARCOVITCHS' residence was redesigned and included the four (4) counterfeit copies of the *Mariposa*.

18.   Depictions of K2 DESIGN GROUP INC.'s designs featuring the unauthorized *Mariposas,* have been and continue to be featured on ASID's website, social media sites, as well as editorials in the print and online versions of the following trade magazines; FLORIDA DESIGN, FORIDA DESIGN BRAZIL, MIAMI DESIGN, and GULFSHORE LIFE.

19.   K2 DESIGN GROUP INC.'s portfolio of designs which includes unauthorized copies of the *Mariposa* has become the cornerstone of K2 DESIGN GROUP, INC.'s marketing and advertising efforts as the design is used to advertise the services of PROVOST and K2 DESIGN GROUP, INC. via the K2 DESIGN GROUP, INC. website, social media sites, and various versions of the FLORIDA DESIGN magazine from as early as December 2013 (SEE EXHIBIT "B").

20.   In all the editorials in which the unauthorized copies are featured KEEGAN is credited as the artist for the *Mariposa* and there is no mention of the Plaintiff.

21.   The re-design of the MARCOVITCHS' residence with the *Mariposas* as a key component has now become synonymous with K2 DESIGN GROUP, INC. Anywhere that K2 DESIGN GROUP, INC. is featured online utilizes the design as an example of K2 DESIGN GROUP, INC.'s work and prominently boasts the counterfeit *Mariposas* credited to KEEGAN.

22.     Plaintiff also contacted PROVOST on November 13, 2014 inquiring why her artwork *Crescendo*, featured on www.dlwatsonart.com and sold to a private collector in California, appeared on the K2 DESIGN GROUP, INC. website as part of a 3D artistic rendering (SEE EXHIBIT "C").

23.     In response, PROVOST claims that the Plaintiff authorized the 3D presentation of *Crescendo* for a new construction project in Sarasota, Florida. PROVOST also claimed that the client was impressed by Plaintiff's work and was seeking to commission artwork from Plaintiff.

24.     At no time did Plaintiff authorize PROVOST to copy *Crescendo* or any other paintings for use on the K2 DESIGN GROUP, INC. website, any other website, or other form of media

### Knowledge and Willfulness

25.     On or about March 26, 2013, Plaintiff noticed her *Mariposa* painting in one of the design trade magazines and immediately contacted PROVOST informing PROVOST that she and her team had made unauthorized copies or derivatives of her work.

26.     On or about April 10, 2013, Plaintiff met with Provost at which time Provost admitted to having KELLYE KEEGAN make the unauthorized copies of *Mariposa* at the request of the MARCOVITCHS.

27.     PROVOST'S admission indicates the egregious and willful nature of DEFENDANTS' acts and the overt disregard for the Plaintiff's copyright contained therein.

28.     Plaintiff made attempts to reconcile with PROVOST who agreed to commission four (4) *Mariposa* paintings that would replace the four unauthorized copies.

29.     Additionally, on April 10, 2013 PROVOST agreed to remove images of the unauthorized copies of the *Mariposa* from all online and print media as well as have the design re-photographed with the four (4) authentic commissioned paintings.

30.     Despite the arrangements Plaintiff made with PROVOST the infringements ensued. The commissioned *Mariposas* did not replace the unauthorized copies, which remain in the possession of the MARCOVITCHS and continue to be featured in print and online media.

31.     PROVOST instead utilized at least one of the replacement *Mariposas* in a room design submitted to American Society of Interior Designers, Florida South (referred to hereafter as "ASID") for entry in a design competition. The submitted design garnered PROVOST and K2 DESIGN GROUP, INC. the 2014 Design Excellence award for 5A Renovation Residential over 5,000 sq ft. (SEE EXHIBIT "D")

32.     In the case of *Crescendo*, PROVOST copied an image of the artwork from the dlwatsonart.com website without Plaintiff's approval.

33. PROVOST used the copied image of *Crescendo* in the 3D artist rendering of a proposed design which PROVOST featured on her website and on social media.

34. Plaintiff is seeking actual damages and profits herein and reserves the right to elect to recover an award of statutory damages for all infringements involved in the action pursuant to 17 U.S.C. § 504.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against the Defendant as follows:

a. For an order, pursuant to 17 U.S.C.A. § 502, temporarily enjoining Defendants until this action is resolved, from infringing, inducing infringement of, and contributing to the infringement of Plaintiff's copyrighted works;

b. For an order, pursuant to 17 U.S.C.A. § 502, permanently enjoining Defendants, including their agents, officers, employees, assigns, subsidiaries, and others acting in concert with them, from infringing , inducing infringement of, and contributing to the infringement of Plaintiff's copyrighted works;

c. An award, pursuant to 17 U.S.C.A. § 504(b), of actual damages suffered by Plaintiff as a result of the infringements, and any profits of the infringements, and any profits of the infringer that are attributable to the infringement and are not taking into account in computing the actual damages.

d. Recovery of full costs, including an award of reasonable attorney fees, pursuant to 17 U.S.C.A § 505.

e. For prejudgment and post-judgment interest on the damages awarded; and

f. For such other and further relief as this Court may deem equitable.

## COUNT III: VICARIOUS COPYRIGHT INFRINGEMENT

35. Plaintiff restates Paragraphs 1 thru 17 as if fully plead herein.

36. Plaintiff is the owner of *Mariposa* as shown in more detail above and in EXHIBIT "A".

37. Without authorization, Defendants' have vicariously infringed Plaintiff's copyrights by profiting directly from the copying of constituent elements of Plaintiff's works that are original, when such infringement was performed by individuals Defendant had a right and ability to supervise, including but not limited to Defendant's SUSAN and LEONARD MARCOVITCH.

38. MARCOVITHS committed multiple acts of infringement that occurred on different occasions.

39. Defendants had knowledge that their conduct represented infringement or recklessly disregarded possibility of infringement.

40. Even after receiving notice from the copyright owner Defendants continued to engage in additional and further acts of vicarious infringement.

41. Although Plaintiff is seeking actual damages and profits herein, Plaintiff reserves the right to elect to recover an award of statutory damages for all infringements involved in the action pursuant to 17 U.S.C. § 504.

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against the Defendant as follows:

a. For an order, pursuant to 17 U.S.C.A. § 502, temporarily enjoining Defendants until this action is resolved, from infringing, inducing infringement of, and contributing to the infringement of Plaintiff's copyrighted works;

b. For an order, pursuant to 17 U.S.C.A. § 502, permanently enjoining Defendants, including their agents, officers, employees, assigns, subsidiaries, and others acting in concert with them, from infringing, inducing infringement of, and contributing to the infringement of Plaintiff's copyrighted works;

c. An award, pursuant to 17 U.S.C.A. § 504(b), of actual damages suffered by Plaintiff as a result of the infringements, and any profits of the infringements, and any profits of the infringer that are attributable to the infringement and are not taking into account in computing the actual damages.

d. Recovery of full costs, including an award of reasonable attorney fees, pursuant to 17 U.S.C.A § 505.

e. For prejudgment and post-judgment interest on the damages awarded; and

f. For such other and further relief as this Court may deem equitable.

## COUNT IV: CONVERSION

2. Defendant PROVOST is in violation of Florida Statute § 772.11.

3. On April 10, 2014 Plaintiff and PROVOST met and made arrangements regarding PROVOST'S use of several of Plaintiff's artworks.

4. On May 20, 2014 Plaintiff loaned PROVOST the painting titled *Staccato,* which has a retail value of two thousand nine hundred dollars ($2900). While on loan *Staccato* was to be showcased and photographed in a room PROVOST was designing (SEE EXHIBIT "E").

5. Subsequent to the loan period, Plaintiff contacted PROVOST and issued several written requests for PROVOST to return the *Staccato*. However, PROVOST failed to respond and has intentionally exercised control over Plaintiff's property thereby interfering with Plaintiff's right to control her artwork.

6. Plaintiff is the creator and owner of *Staccato* and has neither sold nor gifted the property to PROVOST; Plaintiff therefore has an immediate possessory right to the property *Staccato*.

7. PROVOST has not purchased *Staccato*, has refused requests to have the *Staccato* picked up by Plaintiff, and as of the date of this complaint has not returned *Staccato* to Plaintiff.

WHEREFORE, Plaintiff pray for judgment in Plaintiff's favor and against the Defendant as follows:

    a. For an award, pursuant to Florida Statute § 772.11 for treble damages suffered by Plaintiff as a result of the conversion;

    b. Recovery of full court costs, including an award of reasonable attorney fees, pursuant to Florida Statute § 772.11;

    c. For prejudgment and post-judgment interest on the damages awarded; and

    d. For such other and further relief as this Court may deem equitable.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted on May 13, 2015 by Attorney for Plaintiff

Sharla J. Edwards, Esq.
990Biscayne Blvd, Suite 502
Miami, FL 33132
Tel. (305) 709-7258
Fax (305) 513-5758

/s/ Sharla J. Edwards, Esq.
SHARLA J. EDWARDS, ESQ.
Florida Bar No. 94233
Email: info@sharlaslaw.com