UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-61020-BLOOM/Valle

DIANE L. WATSON,

    Plaintiff,

v.

K2 DESIGN GROUP, INC., JENNY PROVOST,
SUSAN MARCOVITCH, LEONARD
MARCOVITCH, and
KELLYE KEEGAN,

    Defendants,
_____/

## ORDER ON MOTION TO DISMISS[1]

THIS CAUSE is before the Court upon Defendants, K2 Design Group, Inc., Jenny Provost, and Kellye Keegan's Motion to Dismiss, ECF No. [14] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record and this case, and is otherwise fully advised. For the reasons that follow, the Motion is granted with leave to amend.

### I. BACKGROUND & FACTS

Plaintiff Diane L. Watson ("Plaintiff") brings an action for copyright infringement pursuant to 17 U.S.C. § 101, *et seq.* (Count I) and civil conversion under Fla. Stat. § 772.11. *See* Complaint, ECF No. [1]. Plaintiff is a visual artist who is the owner of several visual works, including "Mariposa," "Crescendo," and "Staccato." *Id.* at ¶¶ 7-8, 11. Plaintiff owns copyright registrations for "Mariposa," and enjoys inherent copyright protection for "Crescendo" and

---

[1] Defendants filed the instant Motion on July 2, 2015, and Plaintiff duly filed her Response on July 20, 2015. Pursuant to S.D. Fla. L.R. 7.1, a reply memorandum was required on or before July 30, 2015. When Defendants failed to file a reply by the aforementioned date, the Motion became ripe for adjudication.

1

"Staccato." *Id.* at ¶ 11. Defendant K2 Design Group, Inc. ("K2") is an architectural company which operates the website www.k2design.net. *Id.* at ¶ 6.

On or about April 10, 2013, Plaintiff was informed by Defendant Jenny Provost ("Provost") that clients K2 and Provost had gained access to Plaintiff's "Mariposa" image. *Id.* at ¶ 15. Rather than commission renditions of "Mariposa" from Plaintiff, the clients, Defendants Susan and Leaonard Marcovitch (hereinafter the "Marcovitches"), commissioned Defendant Kellye Keegan ("Keegan"), Provost's assistant and daughter, to make four (4) unauthorized copies of "Mariposa." *Id.* at ¶ 16. Subsequently, the Marcovitches included the unauthorized reproductions in the redesign of their residence. *Id.* at ¶ 17. Plaintiff contacted Provost who, allegedly, admitted to having Keegan make the unauthorized copies at the request of the Marcovitches. *Id.* at ¶ 26. Provost then agreed to commission four (4) authorized "Mariposa" paintings and agreed to remove the unauthorized images from all online and print media. *Id.* at ¶¶ 28-29. Notwithstanding Provost's statements, depictions of K2's designs featuring the unauthorized copies of "Mariposa" continue to be featured on its website as well as various design and trade magazines. *Id.* at ¶¶ 18-19; *see also* Composite Exhibit "B" to Plaintiff's Complaint, ECF No. [1-3] at 4. In the publications in which the unauthorized copies of "Mariposa" are featured, Keegan is credited as the artist. Compl. at ¶ 20. According to Plaintiff, the redesign of the Marcovitch's residence has become "synonymous with [K2]" and is regularly utilized as an example wherever K2 is featured. *Id.* at ¶ 21.

This was not the only time Plaintiff has discovered infringement by K2. *See id.* at ¶ 22. On November 13, 2014, Plaintiff contacted Provost, inquiring as to why "Crescendo," which had been sold to a private collector in California, appeared on K2's website as part of a three-dimensional artist rendering. *Id.*; *see also* Composite Exhibit "C" to Plaintiff's Complaint, ECF

2

No. [1-4].  In response, Provost contended that Plaintiff had actually authorized the use of "Crescendo."  Compl. at ¶ 23.  Plaintiff vehemently disputes any authorization.  *Id.* at ¶ 24.

Defendants K2, Provost, and Keegan now seek dismissal under Fed. R. Civ. P. 12(b)(6), or, alternatively, a more definite statement under Fed. R. Civ. P. 12(e).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  While the complaint "does not need detailed factual allegations," Rule 8 requires "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "naked assertion[s] devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the

plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678.  "At a minimum, notice pleading requires that a complaint contain inferential allegations from which [the court] can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons*, Inc., 555 F.3d 949, 960 (11th Cir. 2009) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006)).

### III. DISCUSSION

Defendants K2, Provost, and Keegan (collectively, "Defendants") seek dismissal of Plaintiff's Complaint on two bases: (1) that two of the three works at issue are not registered; and (2) that Plaintiff has failed to satisfy conditions precedent with respect to her claim for civil theft under Fla. Stat. § 772.11.  *See* Motion, ECF No. [14] at 2-4.  Alternatively, Defendants seek a more definite statement.  *Id.* at 3-4.

**A.   Copyright Infringement for Unregistered Works**

"To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the [work] and (2) defendants copied protected elements from the [work]." *Peter Letterese And Associates, Inc. v. World Inst. Of Scientology Enterprises*, 533 F.3d 1287, 1300 (11th Cir. 2008) (citations omitted). Plaintiff argues that "Crescendo" and "Staccato" are not registered works and, accordingly, Plaintiff has not satisfied the precondition for bringing an infringement action under the Copyright Act.

The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Prior to 2010, this requirement was treated as jurisdictional by the Eleventh Circuit.  *See MGB Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir.1990).  In 2010, the Supreme Court abrogated this treatment,

4

explicitly deciding that the registration requirement was not jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 169 (2010) ("We thus conclude that § 411(a)'s registration requirement is nonjurisdictional, notwithstanding its prior jurisdictional treatment."). Notwithstanding this determination, the Supreme Court explicitly declined to address whether § 411(a)'s registration requirement provides a "mandatory precondition to suit" that district courts should enforce *sua sponte* by dismissing infringement claims involving unregistered works. *See* 559 U.S. at 1249. In fact, courts in this Circuit have continued to treat § 411(a)'s registration requirement as a precondition to suit, albeit not in a jurisdictional fashion. *See Burruss v. Zolciak-Biermann*, No. 1:13-CV-789-WSD, 2013 WL 5606667, at *3 (N.D. Ga. Oct. 11, 2013) ("The Court concludes that a plaintiff asserting a claim for copyright infringement must provide evidence, or at least allege, that the copyrighted work is registered with the United States Copyright Office. Absent that evidence or allegation, the copyright claim is required to be dismissed, but without prejudice to the filing of an action after the registration is made."); *Davis v. Tampa Bay Arena, Ltd.*, No. 8:12-CV-60-T-30MAP, 2012 WL 2116136, at *3 (M.D. Fla. June 11, 2012) ("The Court agrees that, although it is not a jurisdictional issue, registration of a copyright is a mandatory precondition to suit for copyright infringement."); *Roig v. Star Lofts on the Bay Condo. Ass'n, Inc.*, No. 11-20421-CIV, 2011 WL 6178882, at *2 (S.D. Fla. Dec. 12, 2011) ("A plaintiff seeking to assert a copyright under federal law must register the copyright before filing a civil action for copyright infringement."); *Marc Anthony Builders, Inc. v. Javic Properties, LLC*, No. 8:11-CV-00432-EAK, 2011 WL 2709882, at *2 (M.D. Fla. July 12, 2011) ("Because the Copyright Act expressly prohibits bringing an infringement action without first obtaining registration, it is a mandatory precondition, and this action should be dismissed if it is not met."); *Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1367 (S.D. Fla. 2011) *aff'd sub nom.*

5

*Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012) ("Registration is simply a prerequisite to bringing a claim after infringing activity has occurred."); *but see Habersham Plantation Corp. v. Art & Frame Direct, Inc.*, No. 10-61532-CIV, 2011 WL 4064087, at *2 (S.D. Fla. Sept. 13, 2011) (declining to dismiss copyright action on the basis of nonregistration).

The Eleventh Circuit appears to agree, indicating that § 411(a) continues to act as a procedural bar to infringement claims despite the Supreme Court's classification of the statute as non-jurisdictional. *See Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014) ("The Supreme Court recently clarified that, although § 411(a)'s registration requirement is not jurisdictional, it nevertheless amounts to 'a precondition to filing a claim.'"); *see also Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1303-05 (11th Cir. 2012) (noting that if the work was not foreign, "registration was required prior to suit," and finding that work was not a foreign work exempt from the registration requirement). Accordingly, this Court follows the rationale of its predecessors who have had occasion to consider this issue and the Eleventh Circuit: while not a jurisdictional bar, the explicit language of § 411(a) provides a statutory bar to suit which requires a plaintiff to first obtain registration for the work at issue prior to initiating suit.

Even construed liberally, as this Court is required to do, there is no indication that Plaintiff possesses registrations for "Crescendo" and "Staccato." On the contrary, it appears that no registration exists: "[Plaintiff] obtained copyright registrations for Mariposa [and] enjoys inherent copyright protection for the Crescendo and Staccato artworks." Compl. at ¶ 11. Consequently, any claims for infringement of "Crescendo" and "Staccato" merit dismissal.[2]

---

[2] Plaintiff appears not to dispute this, noting in her response that she does not seek recourse for the infringement of her unregistered works, "but rather refers to the unauthorized use of Plaintiff's unregistered works to illustrate the egregious nature of Defendant's . . . acts." Pl. Resp., ECF No. [17] at ¶ 3.

B.    **Civil Theft, Fla. Stat. § 772.11**

Next, Defendants contend that Plaintiff fails to satisfy conditions precedent before bringing an action for civil theft. Section § 772.11 provides in part:

> <u>Before filing an action for damages under this section, the person claiming injury must make a written demand</u> for $200 or the treble damage amount of the person liable for damages under this section. <u>If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand.</u>

Fla. Stat. § 772.11(1) (emphasis added); *Korman v. Iglesias*, 736 F. Supp. 261, 267 (S.D. Fla. 1990) ("[B]efore an action for civil theft is filed the plaintiff must make written demand for payment upon the defendant, and allow 30 days for payment."). Plaintiff simply contends that it was not required to make such a demand.[3] *See* Pl. Resp. at ¶ 4. The Court disagrees. Plaintiff was required to comply with the statute, which, in turn, required compliance with the demand requirement. However, "the Southern District of Florida has been lenient in the application of this rule." *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1374 (S.D. Fla. 2011) (quoting *Ames v. Provident Life and Accident Ins. Co.*, 942 F. Supp. 551, 562 n.8 (S.D. Fla. 1994)); *see also Korman*, 736 F. Supp. at 267 (finding that this pleading failure is "excusable neglect" and directing plaintiff to comply with the statute). Accordingly, this Court declines to impose the harsh sanction of dismissal in this case. Instead, Plaintiff is instructed to comply with the demand requirements and later amend her complaint to reflect compliance.

---

[3] One Court in this District has stated, without citation, that "Florida law does not require a demand for the return of the money in order to state a cause of action for civil theft." *Century Sr. Servs. v. Consumer Health Ben. Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1266 (S.D. Fla. 2011). Respectfully, this Court finds that this statement is patently incorrect in light of the straightforward language of § 772.11(1).

7

      **C.**      **Motion for a More Definite Statement**

Plaintiff does not provide the most artfully crafted Complaint. Indeed, the Complaint contains Count III for vicarious copyright infringement and Count IV for civil theft. Conspicuously and inexplicably absent, however, are Counts I and II. Further, although the Complaint seeks recovery for copyright infringement, it does not contain an enumerated count for direct infringement, only one for vicarious infringement. Most notably, Plaintiff repeatedly refers to "Defendant" or "Defendants" without reference to the particular Defendant for which Plaintiff intends to hold responsible under each Count. Based on this imprecision, the Court finds that a more definite, clarified statement is required.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendants' Motion, **ECF No. [14]**, is **GRANTED**. Pursuant to 17 U.S.C. § 411(a), any claims premised on unregistered works is **DISMISSED**. Further, Plaintiff's claim for civil theft under Fla. Stat. § 772.11 is **DISMISSED** without prejudice. Within seven (7) days of this Order, Plaintiff shall make demand upon Defendants and notify the Court of the same. Plaintiff shall then be permitted to amend; however, amendment with respect to this claim must be sought within forty (40) days after making the appropriate demand. Failure to comply within this time period will result in abandonment of the claim. Plaintiff shall file an Amended Complaint **on or before August 27, 2015** in order to provide Defendants with a more definite statement.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of August, 2015.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record